23 C.C.P.A.(Patents)

AKTIENGESELLSCHAFT FÜR FEINME-CHANIK VORMALS JETTER & SCHEERER v. KNY–SCHEERER CORPORATION.

Patent Appeal No. 3531.

Court of Customs and Patent Appeals.

Dec. 2, 1935.

See, also, 80 F.(2d) 268; 68 F.(2d) 974; 75 F.(2d) 638.

Thomas L. Mead, Jr., and Elmer Stewart, both of Washington, D. C., for appellant.

Clarence G. Campbell, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Mark Interferences sustaining appellee's notice of opposition, and holding that appellant was not entitled to the registration of the trade-mark "Aesculap" for use on "cutlery," to wit: "Shears, pliers, tweezers, forks, razors, safety razors, safety razor blades and hairclippers."

In its application for registration, filed September 5, 1931, serial No. 318,760, appellant alleged that it had used the trademark since August 2, 1915.

In its notice of opposition, appellee relied upon trade-mark registration No. 34,826, dated June 26, 1900, issued to appellant on an application filed March 10, 1900, of the word "Aesculap," for use on "chirurgical and medicinal instruments, such as tongs, forceps, pincers, nippers, knives, scissors, hooks, chisels, spoons and the like, electrical, cauterizing, chirurgical and scientific apparatuses, and furniture for sick-rooms and hospitals," and trade-mark registration No. 289,280, dated November 24, 1931, issued to appellee on an application filed June 5, 1931, for the word "Aesculap," for use on cutlery, including "steel knives, shears, scissors, razors, files, hair clippers, chisels, and gouges."

It appears from the record that for many years prior to the year 1915, the Kny-Scheerer Company, a predecessor of appellee, was engaged in the United States in selling surgical instruments manufactured in Germany by appellant and its predecessors; that such instruments were sold by the Kny-Scheerer Company under the trade-mark "Aesculap"; that, some time during the year 1915, the business of the Kny-Scheerer Company was taken over by the Kny-Scheerer Corporation. Whether the Kny-Scheerer Corporation was owned and controlled by the appellant at that time does not appear from the record. However, during the World War, the Alien Property Custodian, acting under the "Trading with the Enemy Act" of October 6, 1917 (40 Stat. 411), as amended (40 Stat. 460 and 1020, 50 U.S.C.A. Appendix), together with executive orders and proclamations, issued in pursuance thereof, seized the entire business and assets of the Kny-Scheerer Corporation, appellee's predecessor, including the "Aesculap" trade-mark registration No. 34,826, dated June 26, 1900, together with all rights thereunder and the business connected therewith, and, thereafter, on June 21, 1919, sold and transferred the same to the Holley Securities Corporation, which assignment was duly recorded in the United States Patent Office on October 7, 1919, in Liber K–107, p. 297, of Transfers of Patents. Thereafter, by mesne assignments from the Holley Securities Corporation, the Kny-Scheerer Corporation, and the Kny-Scheerer Corporation of America, which were duly recorded in the United States Patent Office, Liber K–107, p. 302, Liber W–112, p. 170, and Liber Q–147, p. 230, of Transfers of Patents, appellee became the owner of trade-mark registration No. 34,826, together with all rights thereunder and the business connected therewith.

It *further* appears from the record that a trade-mark consisting of a "Staff, Entwined Serpent and Crown," the serpent being entwined around the staff, and the latter being surmounted by a crown, has been used continuously by appellee, and its predecessors, on its goods sold in the United States, whether purchased from appellant or others, or manufactured by it. There is some confusion in the testimony relative to the use of the word "Aesculap" by appellee. Whether appellee or its predecessors actually used the word "Aesculap" on its goods, either alone or in conjunction with the "Staff, Entwined Serpent and Crown," does not clearly appear. Nevertheless, it is clear from the evidence that the "Staff, Entwined Serpent and Crown" is recognized in the trade as symbolic of the word "Aesculap"; that it is known in the trade as the "Aesculapius" or "Aesculap" trademark; and that, when used alone or in conjunction with the word "Aesculap," it signifies to the trade goods of high quality sold by appellee.

On April 1, 1930, appellant registered the trade-mark "Aesculap," registration No. 269,353, for use on "surgical, chirurgical, and medicinal instruments," and hospital furniture.

On July 1, 1931, appellee filed a petition in the United States Patent Office for cancellation of that trade-mark registration.

The tribunals of the Patent Office concurred in holding that appellant was not entitled to the use of the mark at the time it was registered, and, therefore, ordered the registration canceled.

On appeal, this court affirmed the decision of the Commissioner of Patents. Aktien-Gesellschaft Für Feinmechanik, Vormals Jetter & Scheerer v. Kny-Scheerer Corporation, 75 F.(2d) 638, 22 C.C.P.A. (Patents) 979.

We think it is clear from the record that the goods of the respective parties are goods of the same descriptive properties. In fact, some of the articles mentioned in appellant's application are identical with those named in appellee's registration No. 289,280.

It is earnestly argued by counsel for appellant that the record discloses that appellee has never used the word "Aesculap" as a trade-mark on its goods, and that, therefore, it is not in position to oppose the registration by appellant of its trade-mark "Aesculap."

With reference to that contention, it may be said that, as hereinbefore stated, it clearly appears from the record that in the United States the "Staff, Entwined Serpent and Crown" is symbolic of the word "Aesculap," and is known as the "Aesculap" trade-mark. This being so, the use by appellant of the word "Aesculap" on its goods would tend to cause confusion in the trade as to the origin of the goods of the respective parties. See Nestle & Anglo-Swiss C. Milk Co. v. Walter Baker & Co., 37 App.D.C. 148; In re Maclin-Zimmer-McGill Tobacco Co., Inc., 49 App.D.C. 181, 262 F. 635; J. P. Heilbronn Co. v. Hammermill Paper Co., 48 F.(2d) 963, 18 C.C.P.A. (Patents) 1307.

Although counsel for appellant have made a strong presentation of their reasons why appellant is entitled to register the mark "Aesculap," we are unable to hold, for the reasons herein stated, that the tribunals of the Patent Office reached the wrong conclusion. Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.